IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOSE QUINTERO and JUAN QUINTERO,<br><br>       Plaintiff,<br><br>v.<br><br>SMITH'S CLEANING OF SOUTH HALL, INC.<br><br>       Defendant. | CIV. ACTION NO.  2:16-cv-00088-WCO-JCF |

## COMPLAINT

Plaintiffs Jose Quintero ("Jose") and Juan Quintero ("Juan"), by and through the undersigned counsel, bring this complaint for damages and other relief against Smith's Cleaning of South Hall, Inc. ("Defendant" or "Smith's Cleaning").

## INTRODUCTION

1. This is a complaint for unpaid overtime wages, liquidated damages, costs, and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA").

## PARTIES

2. Jose is a resident of Hall County, Georgia.

3. Juan is a resident of Hall County, Georgia.

4. Defendant is a domestic Georgia corporation.

5. Defendant's principal office address is P.O. Box 1311, Flowery Branch, Georgia 30542.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Gainesville Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within this Division and District.

8. In the three years prior to the filing of this complaint, Defendant has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9. In the three years prior to the filing of this complaint, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

10. Defendant had an annual gross volume of sales made or business done in excess of $500,000.00 in 2015.

11. Defendant had an annual gross volume of sales made or business done in excess of $500,000.00 in 2014.

12. Defendant had an annual gross volume of sales made or business done in excess of $500,000.00 in 2013.

13. Defendant will have an annual gross volume of sales made or business done in excess of $500,000.00 in 2016.

14. Defendant employed Plaintiffs, who were engaged in interstate commerce.

## COUNT I OF I:
## FAILURE TO PAY OVERTIME WAGES

15. Juan worked for Defendant from on or about August 24, 2012 until on or about April 15, 2016.

16. Juan held the position of recycle worker.

17. Juan frequently worked more than 40 hours per workweek.

18. Defendant never paid Juan overtime wages.

19. Juan did not supervise other employees.

20. Juan did not have the authority to hire or fire other employees.

21. Juan did not make recommendations to hire or fire other employees.

22. Juan did not make significant decisions regarding the operation of Defendant.

23. Juan did not handle human resources matters for Defendant.

24. Juan carried out tasks involving the recycling of foil, cores, and cellos.

25. Juan's supervisor, Agustin Chavez, closely monitored Juan's work and controlled the manner in which Juan performed his work.

26. Juan did not have the authority to make purchases on behalf of Defendant.

27. Juan was a non-exempt employee under the FLSA.

28. Juan seeks payment of his unpaid overtime wages, liquidated damages, costs, and attorney's fees.

29. Jose was hired in October 2014 and currently works for Defendant.

30. Jose's job title is a janitor.

31. Jose does not supervise other employees.

32. Jose does not hire or fire other employees.

33. Jose does not make recommendations to hire or fire other employees.

34. Jose's primary job duties are to clean offices, empty trash, and clean floors.

35. Jose does not make decisions on matters of significance to Defendant.

36. Jose is a non-exempt employee of Defendant.

37. Jose regularly works more than 40 hours per week.

38. Defendant does not pay overtime wages to Jose.

39. Jose seeks payments of his unpaid overtime wages, liquidated damages, attorney's fees, and costs.

40. Defendant, pursuant to its policies and practices, willfully refused and failed to pay Plaintiffs the premium overtime rate for all hours worked in excess of 40 hours per workweek.

41. Defendant's failure to pay Plaintiffs 1.5 times their regular rate for all hours worked in excess of 40 hours in a workweek was in violation of the FLSA.

42. Defendant lacked reasonable grounds for believing its pay practices comported with the requirements of the FLSA.

43. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

44. Plaintiffs seek damages in the amount of their unpaid overtime wages, liquidated damages as provided under the FLSA, and such other legal and equitable relief as the Court deems proper.

45.   Plaintiffs also seek recovery of their attorney's fees and costs as provided by the FLSA.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiffs respectfully pray that:

   a. the Court enter judgment in favor of Plaintiffs as to the claim in this complaint;

   b. the Court enter judgment against Defendant that its violations of the FLSA were willful;

   c. the Court enter judgment in favor of Plaintiffs and award them their unpaid overtime wages and liquidated damages in an equal amount as provided for under the FLSA and such other legal and equitable relief as the Court deems proper;

   d. the Court award Plaintiffs their reasonable attorney's fees and costs; and

   e. the Court grant Plaintiffs further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: May 5, 2015

Respectfully submitted,

**PRIOLEAU & MILFORT, LLC**
271 17th Street, NW, Suite 520
BB&T Tower-Atlantic Station
Atlanta, GA 30363
Telephone: (404) 526-9400
Facsimile: (404) 880-9360
Attorneys for Plaintiff

*/s/ Oscar E. Prioleau, Jr.*
Oscar E. Prioleau, Jr.
Ga. Bar No. 588510
oprioleau@mindspring.com

*/s/ Job J. Milfort*
Job J. Milfort
Ga. Bar No. 515915
job@pmlawteam.com