# EXHIBIT "A"

## SETTLEMENT AGREEMENT

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered in to by and between Jose Quintero and Juan Quintero ("Plaintiffs") and Smith's Cleaning of South Hall, Inc. ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties")

## RECITALS

A. **WHEREAS**, Jose Quintero and Juan Quintero are Plaintiffs in a lawsuit filed against Defendant that is currently pending in the United States District Court for the Northern District of Georgia, Gainesville Division. The lawsuit is styled as *Jose Quintero and Juan Quintero v. Smith's Cleaning of South Hall, Inc.*, Case No. 2:16-CV-00088-WCO-JCF and alleges that the Defendant violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.*, and seeks damages for unpaid wages and overtime compensation and other relief (the "Lawsuit");

B. **WHEREAS**, Defendant does not admit liability for all of the claims of the Plaintiffs in the Lawsuit;

C. **WHEREAS**, to avoid the uncertainty, burdens, and expense of further litigation, the Parties desire to settle and finally resolve all claims arising out of the Lawsuit, from the beginning of the world through the date of this Agreement;

D. **WHEREAS**, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts relevant to the Lawsuit and, having diligently investigated the allegations contained in the Lawsuit, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by the Parties, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

E. **WHEREAS**, the Parties have engaged in arms-length negotiations that led to the Parties' agreement on the terms contained herein; and

F. **WHEREAS**, the Parties desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiffs against Defendant.

G. **NOW, THEREFORE**, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

   1. Recitals: The Parties acknowledge that the "WHEREAS" clauses preceding this Paragraph are true and correct, and are incorporated herein as material parts of this Agreement.

third party. Plaintiffs may disclose the terms of this Agreement to their attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency. If Plaintiffs are required to disclose this Agreement or its terms pursuant to a court order or subpoena, Plaintiffs shall notify Defendant in writing via overnight mail or facsimile within 48 hours of receipt of such court order or subpoena. Plaintiffs agree to waive any objection to Defendant's request that the document production or testimony be done in camera or under seal. The Parties further agree that the terms of this Paragraph are a material inducement for the execution of this Agreement. Any disclosure or dissemination other than as described above in this Paragraph will be regarded as a breach of this Agreement and a cause of action shall accrue for damages.

9. **No Admission of Liability:** By entering into this Agreement, the Parties do not admit any liability, fault, or wrongdoing.

10. **Non-Disparagement:** The Parties shall not make or publish or instigate the making or publication of any statement (in verbal, written, or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

11. **Governing Law and Jurisdiction:** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12. **Modifications:** This Agreement shall not be modified or amended in any respect except by a written agreement executed by the Parties in the same manner as this Agreement is executed.

13. **Severability:** If any provision of this Agreement is prohibited by the laws of any jurisdiction as those laws apply to this Agreement, that provision shall be ineffective to the extent of such prohibition and/or shall be modified to conform with such laws, without invalidating the remaining provisions hereto.

14. **Construction:** The Parties acknowledge that both Plaintiffs and Defendant have participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against the Parties based upon a claim that the party drafted ambiguous language.

15. **Counterparts:** This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all of such counterparts together shall constitute one and the same instrument.

16. <u>Binding Agreement:</u> This Agreement is binding on each of the Parties and their respective heirs, successors, and assigns.

17. <u>Entire Agreement:</u> This Agreement sets forth the entire agreement of the Parties with respect to the subject matter hereof, and all representations, warranties, inducements, promises or agreements, oral or otherwise, between the Parties not embodied in this Agreement shall be of no force or effect.

18. <u>Voluntary Agreement:</u> This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions, and legal significance of this Agreement.

19. <u>Right to Retain Advisor or Counsel:</u> Plaintiffs hereby acknowledge that they have had the opportunity to consult fully with legal counsel prior to signing this Agreement and in this respect, Plaintiffs have consulted with and have been advised by the undersigned Oscar E. Prioleau, Jr., Esquire prior to signing this Agreement. Plaintiffs understand that they have the right to consult fully with any other advisor prior to signing this Agreement.

**The remainder of this page has been left intentionally blank.**

2. <u>Definitions:</u> Throughout this Agreement, the term the "Defendant" shall include Smith's Cleaning of South Hall, Inc. as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, trustees, insurers, owners, shareholders, partners, attorneys, agents, and employees, past and present, of each of the aforementioned entities.

3. <u>Settlement Sum:</u> As consideration for the execution of this Agreement and in compliance with the promises herein, the Defendant agrees to pay a total of TWENTY FOUR THOUSAND NINE HUNDRED NINETY ONE DOLLARS ($24,991.00) as follows:

    a. The Defendant shall issue payment in the amount of SEVEN THOUSAND DOLLARS ($7,000.00) payable to Prioleau & Milfort, LLC for the work the law firm and its attorneys performed on behalf of Plaintiffs related to the Lawsuit and the release claims. The Defendant will issue Prioleau & Milfort an IRS Form 1099.

    b. The Defendant shall issue payment in the amount of EIGHT THOUSAND SEVEN HUNDRED THIRTY TWO DOLLARS ($8,732.00) payable to Juan Quintero as follows: (1) one check in the amount of $4,366.00, less applicable taxes and deductions, payable to Juan Quintero as back wages, including alleged unpaid back overtime, for which the Defendant will issue Juan Quintero an IRS Form W-2; and (2) a second check in the amount of $4,366.00, with no taxes or deductions taken, representing alleged liquidated damages, for which a Form 1099 shall be issued to Juan Quintero.

    c. The Defendant shall issue payment in the amount of NINE THOUSAND TWO HUNDRED FIFTY NINE DOLLARS ($9,259.00) payable to Jose Quintero as follows: (1) one check in the amount of $4,629.50, less applicable taxes and deductions, payable to Jose Quintero as back wages, including alleged unpaid back overtime, for which the Defendant will issue Jose Quintero an IRS Form W-2; and (2) a second check in the amount of $4,629.50, with no taxes or deductions taken, representing alleged liquidated damages, for which a Form 1099 shall be issued to Jose Quintero.

    d. The Defendant shall provide the consideration identified in this Paragraph 3 within thirty (30) days after the Defendant's counsel has received each of the following: (1) a copy of this Agreement appropriately signed and dated; (2) an Order from the Court approving the settlement of the Lawsuit; (3) an IRS Form W-9 fully executed by counsel for Plaintiffs. Plaintiffs agree to join in the filing in the Lawsuit of a Stipulation of Dismissal with Prejudice dismissing, with prejudice, all claims brought by Plaintiffs in the Lawsuit after the Court approves the Parties' settlement, in the event an Order from

        the Court approves the Parties' settlement but does not otherwise explicitly dismiss all of the Parties claims in the Lawsuit with prejudice.

4. **Joint Motion:** The Parties acknowledge that Plaintiffs will promptly file the Joint Motion for Approval of Settlement Agreement and Dismissal of the Case with Prejudice in the form attached to this Agreement as Exhibit "A."

5. **Release of Claims:** In exchange for, and in consideration of, the payments, benefits and other commitments described in Paragraph 3, the Plaintiffs agree that this is a disputed claim and represents that upon receipt of all of the above mentioned payments, benefits, and other commitments, they will have been paid in full for all hours worked while employed with Defendant, including any overtime hours worked while in any non-exempt job position, and will have released all claims alleged in the Lawsuit. In consideration of the payments, benefits, and other commitments described in Paragraph 3, the Plaintiffs further provide the Defendant with a general release from any and all claims (including any claims of indemnification, contribution, loss of consortium, and any other claims which might be asserted by or through a third party), demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all employment, disability, property damage, loss or damages of any kind already sustained or that they may hereafter sustain which may be attributable or chargeable to the Defendant, to the extent provided for by law.

6. **Affirmations:** Plaintiffs represent and affirm that, other than the Lawsuit referenced herein, they have no suit, claim, charge, complaint, or demand of any kind whatsoever currently pending against Defendant with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Plaintiffs further represent and affirm as a material term of this Agreement that they have been paid and/or received all compensation and/or benefits to which they may be entitled from Defendant or due to services they performed for Defendant and that no compensation and/or benefits from Defendant or due to services they performed for Defendant are due, except as provided in this Agreement.

7. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement.

8. **Confidentiality:** In consideration of the obligations under this Agreement, Plaintiffs agree that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither Plaintiffs nor their heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**DEFENDANT:**

SMITH'S CLEANING OF SOUTH HALL, INC.

By: _W__ Smith_

Date: 8/16/16

Approved By: _Madeline Silvots_

**PLAINTIFFS:**

_Jose Quintero_
JOSE QUINTERO

Date: 8/16/16

_Juan Quintero_
JUAN QUINTERO

Date: 8/16/16

Approved By: _[signature]_

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**DEFENDANT:**

**SMITH'S CLEANING OF SOUTH HALL, INC.**

By: _____

Date: _____

Approved By: _____

**PLAINTIFFS:**

_____
**JOSE QUINTERO**

Date: 8/16/16

_____
**JUAN QUINTERO**

Date: 8/16/16

Approved By: _____